UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSEPH PETRI, individually and on Behalf of all others similarly situated )<br><br>Plaintiff,<br><br>v.<br><br>MERCY HEALTH D/B/A MERCY HOSPITAL ST LOUIS,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br><br>CASE NO. |

## CLASS ACTION COMPLAINT

Plaintiff Joseph Petri (hereinafter Plaintiff ), individually and on behalf of all others similarly situated, by and through his attorneys, brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Mercy Health d/b/a Mercy Hospital St. Louis (hereinafter Mercy Hospital ) arising from Defendant's violations of 47 U.S. Code § 227 et seq., commonly referred to as the Telephone Consumer Protection Act (hereinafter "TCPA"), which prohibits calls made using automated telephone dialing system (sometimes referred to an autodialer) to a cellular telephone. The basis for the claim advanced in this complaint is set forth below.

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

2. Venue is proper in district pursuant to 28 U.S.C. §1391(b) since Defendant is located in this District and many of acts described herein occurred in this District.

## PARTIES

3. Plaintiff is a natural person and a resident of St. Louis County, Missouri.

4. Defendant Mercy Health d/b/a Mercy Hospital St. Louis (hereinafter Mercy Hospital) is located in St. Louis, Missouri and provides distinctive medical and trauma services. Mercy Hospital St. Louis is the only Level I (highest) Trauma Center in St. Louis County. Mercy Hospital is ranked ninth in the country for integrated health care delivery by Modern Healthcare magazine. It owns and operates the Mercy Heart and Vascular Hospital and Mercy Children's Hospital, and includes the David C. Pratt Cancer Center, a nationally accredited center for outpatient treatment, radiation oncology and infusion services for cancer patients.

## STATEMENT OF FACTS

5. At all times relevant to this action Mercy Hospital. Mercy Hospital engaged Valarity, LLC (Valarity), a company engaged in the collection of debts, to collect the debts of Mercy Hospital. Valarity maintains its headquarters in this District.

6. As described more fully below, Valarity, acting on behalf of and as an agent of Mercy Hospital, contacted Plaintiff Petri to collect a debt that was incurred primarily for personal, family or household purposes. With regards to each of the acts set forth herein, Valarity was always acting as the authorized agent for Mercy.

7. On or around January 28, 2014, Valarity, acting on behalf of and as an agent for Mercy Hospital, commenced collection activities in an attempt to collect an alleged debt from Plaintiff, by contacting Plaintiff on his cellular phone.

8. The alleged debt supposedly arose from medical services claimed to be provided by Mercy Hospital to Plaintiff, which was ultimately found to be a mistake.

9. During this communication, Plaintiff disputed and requested verification of said

alleged debt.

10. Valarity told Plaintiff that he must contest the debt with the original creditor, Mercy Hospital and that his account must be a fraud.

11. Subsequently Plaintiff disputed the debt in writing with Mercy Hospital.

12. At no point has Plaintiff received any letters in the mail, or any form of verification of the alleged debt.

13. At no point had Plaintiff given Defendant or Valarity prior express written consent to call him on his cellular phone.

14. On or about February 2014, Plaintiff revoked any consent that Defendant or Valarity may have had, to call his cellular phone.

15. On or about March 13, 2014, Valarity called Plaintiff's cellular phone through the automatic telephone dialing system that the TCPA was designed to regulate.

16. During said call, Valarity hung up on Plaintiff as soon as he tried to respond.

17. On or about March and April 2014, Valarity, again acting on behalf of and as an agent for Mercy Hospital, continued to use an automatic telephone dialing system to call Plaintiff's cellphone repeatedly for a total of twenty four (24) times. Specifically, but not limited to on: March 7, 2014; March 8, 2014; March 12, 2014; March 13, 2014; March 14, 2014; March 15, 2014; March 19, 2014; March 20, 2014; March 21,2014; March 24, 2014; March 27, 2014; March 28, 2014; April 1,2014; April 2, 2014; April 3, 2014; April 4, 2014; April 5, 2014; April 9, 2014; April 10, 2014; twice on April 11, 2014; April 12, 2014; and twice on April 14, 2014.

18. Valarity would call and then hang up repeatedly.

19. Plaintiff continued to dispute the alleged debt. In addition, Plaintiff requested Mercy's agent Valarity, to cease further calls to Plaintiff.

3

20. Despite these requests, Marcy's agent Valarity, contacted Plaintiff on Plaintiff's cellular telephone in connection with the collection of the debt on numerous occasions.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2), (b)(3) and (c)(4) on behalf the following Class:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Varity, acting to collect the debts of Mercy, placed a non-emergency telephone call (4) using an autodialer (5) within four years of the complaint (6) where Mercy's agent Valarity did not have express written consent to call said cellular telephone number (the "TCPA Class").

22. Plaintiff represents and is a member of the TCPA Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

23. Plaintiff does not know the exact number of members in the Class, but based upon the size, Plaintiff reasonably believes that the Class numbers in the thousands.

24. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant or its agent Valarity.

25. There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    i.    Whether Valarity engaged in a pattern of using an autodialer to place calls to cellular phones;

ii.  Whether Valarity was acting on behalf of and/or as an agent for Mercy Hospital in connection with the actions described herein ;

ii.  Whether Valarity had prior express consent to make the calls;

iii.  Whether Valarity failed to allow consumers to revoke consent to be called;

iv.  Whether Valarity negligently violated the TCPA; and

v.  Whether Valarity willfully violated the TCPA;

vi.  Whether Mercy Hospital is responsible for the actions of Valarity and is liable to Plaintiff and the Class for the damages sought in this complaint.

26. As a person who received telephone calls from Valairty using an autodialer to his cellular phone without his prior express consent, Plaintiff asserts claims that are typical of the members of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

27. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

28. A class action is the superior method for the fair and efficient adjudication of this controversy.  Class-wide relief is essential to compel Defendant to comply with the TCPA.  The interest of individual Class Members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims.  Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class Members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as Valarity did not attempt to obtain consent required by the TCPA

prior to placing the calls.

29. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

30. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to an award of damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the TCPA.

31. As a result of Defendant's violation of Plaintiff's right to privacy, Plaintiff is entitled to an award of damages and all costs and reasonable attorney's fees pursuant to the relevant provisions.

## COUNT I
### (Violations of 47 U.S.C. § 227(b)(1))

32. Plaintiff incorporates the allegations contained in paragraphs 1 through 25 as if specifically stated herein.

33. Defendant's conduct violated 47 U.S.C. § 227(b)(l) in that Valarity, acting on behalf of and as an agent for Mercy Hospital, repeatedly used the automated dialing system to call Plaintiff's cellular phone in February, March and April 2014, without Plaintiff's prior express written consent to call him on his cellular phone.

34. Defendant's conduct violated 47 U.S.C. § 227(b)(l) in that Valarity, acting on behalf of and as an agent for Mercy Hospital , repeatedly used the automated dialing system to call Plaintiff's cellular phone in February, March and April 2014, after Plaintiff expressly withdrew any consent to call him on his cellular phone.

35. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and

is therefore entitled to damages in accordance with the TCPA.

36.     Defendant's actions were willful and knowing and therefore Plaintiff Petri is entitled to treble damages for each violation in accordance with the TCPA.

## JURY DEMAND

40.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.      For certification of the Class defined above, and the appointment of Plaintiff as the class representative and his counsel as counsel for the Class

B.      For damages provided and pursuant to 47 U.S. Code § 227(b)(3);

For a declaration that Valarity is subject to the requirements of the TCPA and its practices, as alleged herein, violated the TCPA;

C.      For injunctive relief prohibiting further violations of the TCPA by Defendant and

D.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

The Hamm Law Firm, LLC

By:  /s/ Tami Hamm
Tami Hamm #59171MO
Attorney for Plaintiff Petri
8630 Delmar Blvd., Suite 120
St. Louis, MO 63124
Telephone: 314-439-1046
Email: tami@stopthedebtharassment.com

John Yanchunis (pro hac vice application pending)
Florida Bar No. 324681
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
Telephone:  (813) 223-5505
Facsimile:  (813) 223-5402
Email: jyanchunis@forthepeople.com

William Peerce Howard (pro hac vice application pending)
Florida Bar No. 0103330
MORGAN & MORGAN
CONSUMER PROTECTION GROUP
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
Telephone:  (813) 223-5505
Facsimile:  (813) 223-5402
Email: WHoward@ForthePeople.com