UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PETRI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCY HEALTH D/B/A MERCY HOSPITAL ST. LOUIS,<br><br>    Defendant. | Case No. 4:15 CV 1296 CDP |

## MEMORANDUM AND ORDER

Plaintiff Joseph Petri claims that defendant Mercy Health violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, when Valarity, LLC, a company Mercy retained to collect its debts, called his cell phone using an autodialer without his prior express consent. Now before me is Mercy's motion for summary judgment. After careful consideration, I conclude that Petri has failed to provide evidence sufficient to create a disputed issue of material fact that Valarity acted as Mercy's agent such that Mercy may be held liable for Valarity's conduct. Petri has made no claims regarding Mercy's own actions. Therefore, I will grant Mercy's motion for summary judgment.

**Background**[1]

In July 2010, Mercy entered into a Collection Services Agreement with Valarity, LLC. Under the agreement, Valarity was to perform various collection services for Mercy including "telephone calls and requests for payment." (Def. SUMF, Ex. B-1, p. 8). The agreement contains a provision stating that Valarity would be acting as an independent contractor for Mercy and that nothing in the agreement should be deemed to create an agency relationship between them. It further states that each party would be solely responsible for the acts, omissions, and control of its own employees. Mercy itself expressly disclaims the existence of any agency relationship between the entities and states, by affidavit, that Valarity had no authority to act on behalf of Mercy and Mercy had no authority to control the activities or actions of Valarity.

---

[1] Petri has not offered any statement of material facts that are in dispute as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1). Local Rule 4.01(E) provides: "The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." *Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) (internal quotation and citation omitted). Accordingly, Mercy's Statement of Facts is deemed admitted because it was not controverted by Petri. *Turner v. Shinseki*, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010) (citing *Deichmann v. Boeing Co.*, 36 F.Supp.2d 1166, 1168 (E.D.Mo.1999)), aff'd, 232 F.3d 907 (8th Cir.2000).

Petri's failure to respond properly to the motion for summary judgment does not mean that summary judgment is automatically granted for Mercy. Mercy's facts must still establish that it is entitled to judgment as a matter of law. *Tyler v. Missouri Baptist Med. Ctr.*, No. 4:14CV1917 HEA, 2015 WL 6529966, at *1 n.1 (E.D. Mo. Oct. 27, 2015).

In his complaint, Petri alleges that Valarity used an automated dialing system to call his cellular phone approximately 26 times between February and April 2014. The calls were made to collect debt that "supposedly arose from medical services claimed to be provided by [Mercy] to [Petri], which was ultimately found to be a mistake." (Complaint, ¶ 8). He claims Valarity's conduct violated the TCPA at 47 U.S.C. 227(b)(1), and because Valarity was acting on behalf of and as an agent for Mercy, Mercy should be held liable here.[2] In his opposition to summary judgment, Petri has included references to corporate and tax records that he claims show that Valarity is owned by Mercy.

**Summary Judgment Standard**

In determining whether to grant summary judgment, the court views the facts—and any inferences from those facts—in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the nonmoving party may not rest on the allegations in its pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact

---

[2] Petri brought a previous lawsuit based on the same or similar conduct against Valarity. That matter was settled by the parties. *See Petri v. Valarity, LLC*, No. 4:15cv000072 (E.D. Mo.).

exists. Fed. R. Civ. P. 56(c)(1), (e). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587.

**Analysis**

Petri alleges that Valarity's calls to his cell phone were made with an autodialer without his prior express consent and therefore in violation of 47 U.S.C. § 227(b). He claims that Mercy is vicariously liable for Valarity's violations because Valarity was acting as Mercy's agent. In its motion for summary judgment Mercy argues that it cannot be liable for Valarity's actions because Valarity was not its agent.

Courts should apply federal common-law principles of agency in determining the existence of vicarious liability for TCPA violations. *In re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C.R. 6574 (2013). *See Cambell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 673 (2016); *Golan v. Veritas Entertainment, LLC*, No. 4:14CV00069 , 2016 WL 880402, at *4 (E.D. Mo. March 8, 2016). Federal common law generally follows the Restatement of Agency. *Golan*, 2016 WL 880402, at *4 (citing *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000).

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act

on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) Of Agency § 1.01 (2006); *see also S. Pac. Transp. Co. v. Cont'l Shippers Ass'n, Inc.*, 642 F.2d 236, 238 (8th Cir. 1981) ("[a]gency is a legal concept that depends upon the existence of certain factual elements: (1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the undertaking"). "The party asserting that a relationship of agency exists generally has the burden in litigation of establishing its existence." Restatement (Third) of Agency § 1.02 cmt. d; *see also Nippon Yusen Kaisha v. FIL Lines USA Inc.*, 977 F. Supp. 2d 343, 350 (S.D.N.Y. 2013) (applying federal common law of agency and noting that party asserting agency has burden of proof as to its existence).

Mercy argues that Valarity was not its authorized agent and points to the language of its collections agreement with Valarity, which contains a provision explicitly stating that Valarity was not subject to Mercy's control and was acting as an independent contractor. [ECF #28-1, p. 2]. Mercy has also provided an affidavit from one of its vice presidents, confirming that, as stated in the

- 5 -

agreement, Valarity did not have the authority to act on Mercy's behalf and Mercy had no right to control Valarity. [ECF #28-2, p. 1].[3]

In arguing that Valarity is Mercy's authorized agent, the only evidence submitted by Petri is an affidavit from his attorney, John Yanchunis, attesting that he found corporate and tax records on the internet indicating Mercy is the parent company of Valarity. This is not enough to create an issue of material fact as to whether Valarity was acting as Mercy's agent. Even assuming the records submitted by Petri constitute admissible evidence, the Restatement provides that, without more, evidence of a "common legal relationship," such as the relationship between "parent corporations and their subsidiaries" is not enough to create an agency relationship. Restatement (Third) Of Agency § 1.02. A close look at the documents cited by Yanchunis reveal that they provide evidence only as to the legal and tax relationship between Mercy and Valarity. They establish nothing about the day-to-day business relationship between the companies, and they provide no evidence that Mercy controlled Valarity's collections activities. As such, Petri has provided no evidence to indicate that Valarity was acting as Mercy's authorized agent when it violated the TCPA.

Petri next cursorily argues that even if a formal agency relationship did not exist between Valarity and Mercy, an agency by ratification was created when

---

[3] Notably, the affidavit stops short of directly averring that Mercy did not control the actions of Valarity.

Mercy accepted the benefits of Valarity's actions. Petri is correct that in pursuing TCPA claims, a formal agency relationship is not required to establish a party's vicarious liability for the illegal acts of a third-party; plaintiffs can also employ principles of ratification and apparent authority. *Golan*, 2016 WL 880402, at *4 (citing *Dish Network*, 28 F.C.C.R. at 6586-87). "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) Of Agency § 4.01 (2006). Petri argues that Mercy ratified Valarity's actions by accepting money obtained in connection with Valarity's calls. But Petri has neither alleged in his complaint nor submitted evidence to show that he paid any money to Valarity or Mercy. In fact, in his complaint, Petri states that Valarity's attempts to collect money from him turned out to be "mistaken." Even if there were evidence that Mercy received money collected from Petri by Valarity, Mercy could not have ratified Valarity's conduct because there is no evidence Mercy knew Valarity's activities violated the TCPA. A party is not "is not bound by [a] ratification if it was made without knowledge of material facts about the act of the agent…." *Id.* at § 4.06 cmt. b.; *see also Toney v. Quality Resources, Inc.*, 75 F. Supp.3d 727, 745 (N.D. Ill. 2014). Here, the collection agreement between Valarity and Mercy stated that Valarity agreed to perform its services in compliance with all applicable federal laws and regulations. Petri has not presented evidence indicating Mercy was aware of

collections services by Valarity that violated the TCPA.  In light of the above, there is no evidence that Mercy created an agency by ratification.

Rule 56(c) mandates the entry of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322-23.  Because there is no evidence that an agency relationship existed between Valarity and Mercy, and because Petri has not alleged that any of Mercy's actions directly violated the TCPA, I will grant Mercy's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that for the reasons discussed above, defendant's motion for summary judgment [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to strike [41] **DENIED** as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2016.